United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>Webster Place Athletic Club, LLC,<br><br>                            Debtor. | Chapter 11<br>Bankruptcy No. 18 B 30466<br>Honorable Judge Jack B. Schmetterer |
| Webster Place Athletic Club, LLC,<br><br>                            Plaintiff<br>v.<br>Ramco-Webster Place, LLC,<br><br>                            Defendant. | Adversary No. 19 A 244 |

## OPINION ON DEFENDANT'S MOTION TO DISMISS [DKT. NO. 6]

Defendant Ramco-Webster Place, LLC ("Defendant") has moved for dismissal, in its entirety, of Debtor-Plaintiff Webster Place Athletic Club, LLC's ("Plaintiff") four Count Adversary Complaint. Defendant argues that Plaintiff's instant Complaint is simply a repackaging of a removed rescission claim that was remanded by this Court in a previous Adversary Proceeding. Defendant also argues that Plaintiff has failed to state a viable claim on any of the Counts complained of.

For reasons articulated below, Defendant's Motion will be denied by separate order to be entered concurrently herewith.

### BACKGROUND

The dispute between the parties centers around the 2014 lease between Plaintiff and Defendant of 1455 West Webster Ave., Stores 4 and 5, in Chicago, Illinois (the "Leased Premises"), a portion of a larger shopping mall complex in which Plaintiff operates a high-end athletic club. Plaintiff contends that Defendant has not satisfied their responsibilities under the Lease, as portions of the complex have fallen into disrepair due to water damage, the HVAC system is not fully functional, and the parking validation system is not fully operational. Plaintiff argues that Defendant has failed to maintain the shopping center in a "first class" manner, as required by the Lease. Defendant denies that it has failed to maintain the shopping center properly. For a more thorough history of the relationship between Plaintiff and Defendant *see In*

*re Webster Place Athletic Club LLC*, 599 B.R. 20, 22 (Bankr. N.D. Ill. 2019) and *In re: Webster Place Athletic Club, LLC.*, Debtor., No. 18 B 30466, 2019 WL 2543409, at *1 (Bankr. N.D. Ill. June 18, 2019).

This Court remanded Plaintiff's previous lawsuit which was a removed state court rescission action. The Court also conditionally allowed Plaintiff to assume its Lease with Defendant, but reserved the right to reconsider such assumption should Defendant show that Plaintiff has no ability to provide adequate assurance of future performance under the lease, including the cure of any default amount. [Bankr. No. 18-30466; Dkt. No. 66.] Defendant then filed its Motion for Relief from the Automatic Stay, but the Court did not rule on that Motion before Plaintiff filed the instant Complaint. On June 18, 2019, considering the instant Adversary Proceeding, Defendant's Motion for Relief from the Automatic Stay was denied. [Bankr. No. 18-30466; Dkt. Nos. 93 & 94.]

**A. Adversary Complaint**

Plaintiff filed the instant Adversary Complaint on March 20, 2019. [Dkt. No. 1.] The Complaint pleads four counts.

In Count I, Plaintiff seeks to require Defendant to specifically perform its obligations under the Lease pursuant to 11 U.S.C. §§ 105(a), 365, and 502(b). Plaintiff argues that Defendant's refusal to address material breaches of the lease – including Defendant's inability to provide reliable, free parking to Plaintiff's members, the failure of the HVAC system, and the failure to maintain the shopping center in a "first class" manner – have all contributed to Plaintiff's difficulties in signing new members and retaining old members of its health club. Plaintiff further asserts that monetary damages will be insufficient because a requirement to pay money will not guarantee Defendant's compliance with the lease terms.

In Count II, Plaintiff seeks a declaratory judgment pursuant to 11 U.S.C. §§ 105(a), 365, and 502(b) to determine what, if any, cure amount is due pursuant to terms of the Lease. Plaintiff maintains that any amount due to cure an alleged default under the lease should be set off against monetary damages that have accrued as a result of *Defendant's* breaches of the Lease, specifically the issues complained of in Count I. Defendant's breaches of the Lease, argues Plaintiff, have resulted in Plaintiff being unable to sign up new members or losing old members, paying rent beyond the value of the leasehold, and a diminution in the value of Plaintiff's brand. Plaintiff therefore argues that should the Court determine that Plaintiff owes any amount to cure

2

its defaults pursuant to the Lease (including replenishment of the $600,000 letter of credit and payment of the full monthly rent of approximately $98,000, both of which Defendant asserts must be cured before the Lease can be fully assumed, despite Plaintiff's contention that rent has been reduced by a state court order to $25,000 per month ("State Court Rent Order")) such cure amount must be considered in light of damages resulting from Defendant's breaches of the Lease and set off against one another.

In Count III, Plaintiff asserts a breach of Lease action against Defendant pursuant to 11 U.S.C. §§ 105(a) and 502(b). Plaintiff contends that despite repeated requests to fix deficiencies with the leasehold, such as water damage, the non-functional HVAC system, and the problematic parking validation system, Defendant had repeatedly failed to remedy these issues. Should the resulting damages to Plaintiff's business and brand exceed any cure amount that this Court determines is owed pursuant to assumption of the Lease, Plaintiff argues that such amount should be paid as an overage pursuant to 11 U.S.C. § 365.

Finally, in Count IV, Plaintiff objects to Defendant's Claim No. 3 in the amount of $236,270.34. Defendant's claim is based primarily upon unpaid rent, common area maintenance charges, and taxes. Plaintiff contends that the State Court Rent Order effectively reduced its obligation to pay approximately $98,000 per month to $25,000 per month "until further Order of Court," beginning on October 1, 2018. [Dkt. No. 1; Exh. 11.] Plaintiff therefore argues that Defendant is not entitled to any of the prepetition rent listed in its claim as Plaintiff has been paying the correct amount of rent pursuant to the State Court Rent Order. Alternatively, Plaintiff argues that if the Court determines that any amount is due resulting from a prepetition monetary default, that amount should be set off against damages accrued as a result of Defendant's breaches of the Lease.

**B. Defendant's Motion to Dismiss**

On May 3, 2019, Defendant filed the instant Motion to Dismiss. [Dkt. No. 6.] Defendant asserts that the entirety of Plaintiff's Complaint should be dismissed. First, Defendant argues that the claims in the Complaint based upon state law should be dismissed because a parallel proceeding exists in the Circuit Court of Cook County. Defendant asserts that Plaintiff's instant Complaint is just a repackaging of the previously remanded rescission action. As this Court has already remanded the rescission action, argues Defendant, proceeding in this forum rather than in the longstanding state court case would be duplicative and uneconomical. Furthermore,

3

Defendant characterizes Plaintiff's assertion that it is entitled to damages because of alleged breaches of the Lease as entirely speculative and dependent upon an answer to the questions of state law posed both here and in the stayed state court litigation.

Second, Defendant argues that, pursuant to this Court's remand of the rescission action, any possible state law claims in the Complaint should be dismissed to be tried in state court as well. Defendant reiterates that the instant Complaint is essentially just a regurgitation of the previous rescission complaint, and therefore, the logic of the Court in the original remand opinion continues to apply here, acknowledging however that abstention pursuant to 28 U.S.C. §§ 1334(c)(2) and 1452(b) does not apply because the instant Complaint was not removed from state court.

Third, Defendant argues that Plaintiff's state law claims fail as a matter of law. Defendant argues that Plaintiff has not established that it has fully performed its duties pursuant to the Lease, and therefore cannot seek specific performance pursuant thereto. *Golbeck v. Johnson Blumberg & Assocs., LLC*, No. 16-CV-6788, 2017 WL 2070868 at *5-7 (N.D. Ill. July 19, 2017); *Durbin for Use of Ferdman v. Lord*, 329 Ill. App. 333, 337 (Ill. App. Ct. 1st 1946). As Plaintiff did not strictly follow the notice requirements of the Lease, Defendant argues that it was under no obligation to address alleged defects. Moreover, Defendant argues that Plaintiff cannot seek specific performance insofar as the Lease requires Defendant to maintain the shopping center in a "first class" manner because that is an indefinite and ambiguous term that it cannot be enforced. *Banks v. Gregory*, 16 Ill. 2d 227, 232 (Ill. 1959). Additionally, Defendant questions whether the Court would be able to effectively supervise the specific performance of its duties. *Lord & Taylor, LLC v. White Flint, L.P.*, 703 F.3d 211, 217 (4th Cir. 2015).

Finally, Defendant argues that Plaintiff's procedural bankruptcy claims should also be dismissed because the determination of any cure amount sought in Count II is related directly to the lease assumption process and must be decided before any purported breach of lease claims. *In re Docktor Pet Center, Inc.*, 144 B.R. 14, 15-16 (Bankr. D. Mass. 1992). Defendant argues that Count IV must be dismissed because it will be mooted by a Court order determining any cure amount, which must be decided first. Therefore, an objection to Defendant's claim would be subsumed as part of the cure determination process, resolving Count IV before that Count need be tried.

4

Plaintiff filed its Response on May 30, 2019. [Dkt. No. 14.] Plaintiff first argues that the bankruptcy court, not the state court, is the proper forum for the instant litigation. Plaintiff points out that Defendant's claim and demand for the cure of any default under the lease are the same demands that Defendant initiated in its breach of lease action in state court. It is therefore not just Plaintiff that is duplicating litigation between the state court and the bankruptcy court. Moreover, Plaintiff asserts that by filing its claim and demanding a cure of the default, Defendant has submitted itself to the equitable jurisdiction of the bankruptcy court. *SNA Nut Co. v. Haagen-Dazs Co., Inc.*, 302 F.3d 725, 730 (7th Cir. 2002). Plaintiff also points out that should the bankruptcy court rule on the lease assumption and cure demand issues, the state court rescission and eviction actions will be mooted.

Plaintiff next argues that the Court's previous remand of the rescission action to state court does not and should not affect in any way the decision whether to dismiss the instant Adversary Proceeding. Plaintiff argues that relief sought in the rescission action and the instant Complaint are completely different; while Plaintiff previously sought rescission and restoration to *status quo ante*, it now seeks damages, a declaration of any cure amount, and set off based on Defendant's breaches of the Lease. Moreover, as Plaintiff points out, lease assumption issues can only arise in the context of bankruptcy cases, and are thus core proceedings. *In re Texaco Inc.*, 77 B.R. 433, 437 (Bankr. S.D.N.Y. 1987); *In re Republic Oil Corp.*, 51 B.R. 355, 358 (Bankr. W.D. Wis. 1985). Additionally, Plaintiff has repeatedly indicated that the rescission action will be dismissed upon final resolution of the lease assumption process.

Plaintiff argues that its Complaint has stated claims upon which relief may be granted. Plaintiff also asserts that Defendant mischaracterizes the precedent it relies on to indicate that notice must be given strictly according to the terms of the contract between the parties. Plaintiff states that Illinois courts only strictly construe contract provisions in an insurance context, and that in other cases, Illinois law is more forgiving of notice that does not strictly conform to that which is required by contract. *Rogers v. Balsley*, 608 N.E.2d 1288, 1289 (Ill. App. Ct. 1993). Furthermore, Plaintiff argues that even if the term "first class" is too vague to define, there are other requirements under the lease that Defendant is not rectifying, namely the parking, HVAC and water damages issues. Moreover, Plaintiff argues that even if the Lease does not specifically define "first class," courts have denied Motions to Dismiss in cases where the same ambiguous language is used. *Nationwid Holdings, LLC v. General Motors Corp.*, No. 05-C-5647, 2005 WL

5

4034707, at *1 (N.D. Ill. Dec. 28, 2005) (holding that while the "first class" standard was unclear, such ambiguity did not require dismissal because that standard could be "sorted out" later and was "not fatal to the complaint.").

Finally, Plaintiff argues that the bankruptcy procedural claims it asserts in the Complaint, namely the declaratory judgment and claim objection Counts, should not be dismissed because while those Counts do relate to the lease assumption proceedings and a claim objection proceeding separately, the issues underlying both relate to the breaches of lease alleged by both parties. Even if, as Defendant insists, a determination of the cure amount goes forward, those issues are intrinsically linked to the purported breaches of lease by Defendant, which may lead to a set off against any cure amount owed by Plaintiff. And, as Plaintiff points out, should it successfully establish that Defendant's cure amount should be reduced by some set off amount, a claim objection would be required to disallow or modify the claim on file by Defendant.

Defendant filed its Reply on June 13, 2019. [Dkt. No. 21.] Defendant first reiterates its argument that Plaintiff's state law claims fail as a matter of law, asserting that Plaintiff's failure to provide the specific notice required in the Lease is contrary to Illinois precedent, even outside of the insurance context. *Fidelity Nat. Title Ins. Co. of New York v. Westhaven Properties Partnership*, 386 Ill. App. 3d 201, 217 (Ill. App. Ct. 2007); *Maher v. Rowen Group, Inc.*, No. 12-7169, 2015 WL 273315, at *16 (N.D. Ill. Jan. 20, 2015); *Thomson Learning, Inc. v. Olympia Properties, LLC*, 365 Ill. App. 3d 621, 630 (Ill. App. Ct. 3d 2006). Additionally, Defendant repeats its prior argument that the "first class" operation requirement of the lease is too vague to enforce and would require too much judicial supervision. *Banks v. Gregory*, 16 Ill. 2d 227, 232 (Ill. 1959).

Additionally, Defendant reiterates its argument that the cure amount must be determined before Plaintiff's contract claims (specifically, any defenses or counterclaims that would be set off against the cure amount) can be heard. Likewise, Defendant argues that Plaintiff's challenge to its filed claim is premature prior to determination of the cure amount in the lease assumption proceeding. *In re Kaiser Aluminum Corp.*, 339 B.R. 91, 94-5 (D. Del. 2006).

Finally, Defendant reasserts its argument that the state law claims in the instant Complaint should be dismissed in favor of the pending state court litigation because extensive work has been done in the state court to prepare the case for ruling, there is concurrent jurisdiction between the bankruptcy court and the state court on the non-bankruptcy matters, and

the bankruptcy specific Counts (the Lease assumption proceeding, the related declaratory judgment Count, and the objection to Defendant's claim) are all procedurally inappropriate and should be dismissed from the Adversary Proceeding. That would leave only the state law claims which Defendant argues should be heard by the state court based upon the reasoning in this Court's prior remand ruling.

## JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer cases arising under title 11 to a bankruptcy judge under 28 U.S.C. § 157, and this matter is referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This Motion to Dismiss is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), (C) and (M).

However, the parties do not adequately address the underlying issue of this Court's jurisdiction with regards to the four Counts of the Adversary Complaint. In the Complaint itself, Plaintiff simply states that all four Counts are "core" proceedings pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Plaintiff also argues in its Response that this Court has exclusive jurisdiction over the lease assumption issue. *Matter of Republic Oil Corp.*, 51 B.R. 355, 358 (Bankr. W.D. Wis. 1985). Additionally, Plaintiff briefly argues that by filing its proof of claim, Defendant has submitted itself to the equitable jurisdiction of the bankruptcy court. *SNA Nut Co. v. Haagen-Dazs Co.*, Inc., 302 F.3d 725, 730 (7th Cir. 2002).

Defendant only briefly touches upon jurisdiction in its Motion to Dismiss and Reply as well. Defendant primarily argues that this Court's bases for remand with regards to the rescission action (that diversity jurisdiction did not exist and no other independent basis for jurisdiction existed, requiring mandatory abstention) are equally applicable in the context of this Motion to Dismiss: there is no basis for jurisdiction over the state law claims and the bankruptcy specific Counts are procedurally inappropriate, and therefore the entire Adversary Complaint must be dismissed.

Both parties appear to have abdicated entirely their responsibility to discuss the jurisdiction of this Court to hear these matters, relying instead on conclusory citations to 28 U.S.C. § 157 and this Court's prior ruling on the remand of the rescission action rather than examining the immediate issues before the Court. Lawyers who practice in federal court cannot treat jurisdictional issues so casually.

Counts II and IV are core proceedings. It is undisputed that bankruptcy Courts have jurisdiction over assumption or rejection of leases and objections to claims. 28 U.S.C. §§ 157(b)(2)(B), (M). Count II seeks a declaratory judgment as to the cure amount due pursuant to the assumption of lease. Given that the Court has indicated the Complaint and the remaining lease assumption issues will be tried together, Count II relates directly to an order "approving the use or lease of property." 28 U.S.C. § 157(b)(2)(M) and is therefore a core proceeding. Count IV is a claim objection and is clearly a core proceeding. 28 U.S.C. § 157(b)(2)(B). Defendant's argument that Counts II and IV should be dismissed are not strictly because the Court does not have jurisdiction over them, but rather because they are procedurally inappropriate. That argument is addressed separately below.

Counts I and III, seeking specific performance and alleging various breaches of lease, are not core proceedings within the meaning of the Bankruptcy Code. Defendant correctly points out that Counts I and III are purely state law claims, and therefore some other basis for jurisdiction must exist.

This Court's jurisdiction over Counts I and III is derived from 28 U.S.C. § 1334(b), which states:

> "(b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

Defendant has argued that because this Court found that the previously remanded rescission action did not "arise in" and was not "related to" the underlying Chapter 11 bankruptcy proceeding, that the same logic must apply to the state law claims set forth by Plaintiff in the instant Complaint.

Defendant's argument is unavailing for several reasons. First, there is an argument to be made that both Counts I and III "arise in" the underlying Chapter 11 bankruptcy proceeding. "A proceeding 'arises in' bankruptcy only if it has 'no existence outside of the bankruptcy.'" *In re Repository Technologies, Inc.*, 601 F.3d 710, 719 (7th Cir. 2010) (quoting *Stoe v. Flaherty*, 436 F.3d 209, 2016 (3d. Cir. 2006)). "Proceedings 'arising in' bankruptcy are 'administrative matters that arise *only* in bankruptcy cases.'" *Id.* (quoting *CLC Creditors' Grantor Trust v. Sonnenschein*

8

*Nath & Rosenthal LLP (In re Commercial Loan Corp.)*, 363 B.R. 559, 565 (Bankr. N.D. Ill. 2007)). Neither Counts I nor III exist outside of this bankruptcy proceeding; Plaintiff has a pending rescission action in state court, but has indicated that that action will be dismissed upon resolution of the assumption of lease process. Moreover, it is arguable that both Counts I and III are directly the result of an administrative matter that arises only in bankruptcy cases considering the lease assumption motion that has been conditionally granted by this Court. Counts I and III essentially represent defenses or counterclaims to Defendant's claim of a cure amount pursuant to the assumption of the Lease. But for the filing of the bankruptcy-specific lease assumption motion, Counts I and III of Plaintiff's Complaint would not exist, and therefore stem from an administrative matter that exists only within a bankruptcy case.

However, even if it is arguable whether Counts I and III "arise in" the bankruptcy case, it is beyond dispute that they are "related to" the underlying Chapter 11 bankruptcy proceeding. As discussed above, Counts I and III are essentially defenses or counterclaims to Defendant's asserted claim for cure pursuant to the assumption of the Lease. Counts I and III are therefore directly "related to" the bankruptcy because the lease assumption issues, Count II for declaratory judgment, and Count IV objecting to Defendant's proof of claim are all based on a central nexus of facts involving the Lease. As discussed below, Plaintiff's defenses or counterclaims to the cure amount are issues that must be tried alongside the lease assumption motion and the Complaint. While the Seventh Circuit has cautioned against a broad interpretation of "related to" jurisdiction, the issues before the Court in the in the instant Complaint, including Counts I and III, as well as the pending lease assumption issues are inextricably intertwined. *Matter of FedPak Sys., Inc.*, 80 F.3d 207, 214 (7th Cir. 1996). Certainly, the resolution of the issues before the Court will impact Plaintiff-Debtor's estate in a major way, particularly in regards to property that is part of the bankruptcy estate. Even the Seventh Circuit's narrowest interpretation of "related to" jurisdiction would have it include Counts I and III.

## DISCUSSION

As detailed above, Defendant's Motion to Dismiss treats each Count of Plaintiff's Complaint separately and addresses Defendant's reasoning for dismissal specifically for each Count. Accordingly, each of Defendant's arguments is addressed separately below.

## I. Count I – Specific Performance

Defendant argues that Plaintiff's Count I seeking specific performance pursuant to the Lease (and also Count III alleging Defendant's breach of Lease) should be dismissed both because it is a state law claim that should be pursued in state court and because it fails to state a claim upon which relief may be granted.

Defendant first argues that this Court should follow its own logic in its prior remand ruling that returned the removed rescission action to the state court. Defendant asserts that the factors supporting remand largely mirror those supporting dismissal, especially the question of which court obtained jurisdiction first and the avoidance of piecemeal litigation. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 818 (1976). Defendant strongly asserts that in the interest of judicial economy, and to avoid a duplication of effort between this Court and the state court, Count I should be dismissed in favor of the pending state court actions. *In re Williams*, 88 B.R. 187, 190 (Bankr. N.D. Ill. 1988); *Matter of Zarling*, 85 B.R. 802, 804 (Bankr. E.D Wisc. 1988).

Defendant alternatively argues that Count I (and Count III) fails because Plaintiff has not alleged sufficient facts supporting that it has met the strict notice requirements of the Lease. Nor, Defendant argues, will the Court be able to enforce specific performance of the "first class" requirement of the Lease, as that term is undefined, vague, and would require unduly burdensome supervision by the Court.

The mere fact that because this Court determined that remand of the rescission action was warranted does not mean that Plaintiff's Count I for specific performance must be dismissed. First, as Defendant acknowledges, the standards under 28 U.S.C. 1334 do not apply to this Motion to Dismiss. Moreover, while it is true that the factors articulated in the Supreme Court's *Water Conservation District* opinion largely mirror those that courts consider while determining whether remand is appropriate, it does not follow that this Court *must* dismiss Count I simply because it found remand appropriate with regards to an entirely separate action. It is undisputed that the state court obtained jurisdiction over the parties first. But, Defendant's assertion that judicial economy will be served by dismissing the instant complaint and sending the parties back to state court rings hollow. The state court may have been prepared to rule on the Eviction action, but the parties have put forth issues before the bankruptcy court that the state court cannot hear: The objection to Defendant's claim and the lease assumption issues.

Even if Defendant is correct that the state court could determine what amount is due to cure the lease, such a proceeding would lead to the same piecemeal litigation that Defendant states it is trying to avoid. If the state court determines a cure amount, the lease assumption issues would continue to linger along with the remainder of the Complaint pending here. Given that all of the instant issues revolve around the lease, and given that virtually everything except the Eviction action can be determined by this Court, in the interests of judicial economy, all of issues in Plaintiff's Complaint and the related lease assumption issues should be tried in the bankruptcy court.

Defendant's argument that Plaintiff has failed to allege sufficient facts is equally unavailing. First, Plaintiff has plead sufficient facts to survive the instant Motion to Dismiss as to the issue of notice being given to Defendant pursuant to the Lease. Plaintiff did notify Defendant of the defects it alleges in the Complaint. Whether that notice was sufficient under requirements of the Lease is a factual question that can be answered at trial. Likewise, the question of whether Plaintiff needed to adhere strictly to the notice requirements of the Lease is a question of Illinois law that this Court is capable of answering.

Second, Defendant's argument that the Court cannot adequately supervise the remediation of the alleged defects is not convincing. The alleged parking validation, HVAC, and water damage defects do not require particularized knowledge that is unavailable to the Court. Indeed, the parties have stated on the record that each will likely put on expert testimony as to the severity and nature of the defects in question. Armed with that knowledge after trial, there is no reason to think that the Court cannot properly supervise remediation of the alleged defects, if they are proven, just as there is no reason to believe Defendant's assertion that such supervision will be so onerous as to be impossible.

Finally, Defendant's assertion that there it would be impossible to enforce the "first class" provision of the Lease because the term is too vague is likewise unavailing. The parties have cited competing case law as to whether a court is capable of interpreting and enforcing such a provision. However, the parties have also indicated that they intend to call competing expert witnesses as to the issue of "first class" mall operations. It may very well be true that, as Defendant has asserted, there is no way to properly require specific performance of such an ambiguous contract provision. But, Plaintiff has made the case that it is at least *possible* some

11

reasonable interpretation of "first class" could emerge at trial. Thus, there is no reason to dismiss Count I at this early stage based on Defendant's reasoning.

Therefore, Defendant's Motion to Dismiss Count I of Plaintiff's Complaint will be denied.

## II. Count II – Declaratory Judgment as to Cure Amount

Defendant next argues that Count II of Plaintiff's Complaint, seeking a declaratory judgment as to the cure amount due pursuant to the Lease is procedurally inappropriate because there is a pending lease assumption issue, and the cure amount should be determined pursuant thereto. Defendant also argues that the amount of its cure *must* be determined first, before any consideration is given to Plaintiff's arguments in favor of set off.

These arguments by Defendant are unconvincing. It is true that Plaintiff's Count II is somewhat duplicative of the lease assumption process, as both will ultimately lead to determination of the cure amount. But, it was previously indicated that the lease assumption matter and the Complaint issues will be tried together as all of the disputes between the parties stem from the Lease. Given the central nexus of facts, it is arguably irrelevant whether Count II is dismissed or tried, as the issue of cure amount will be determined either through a declaratory judgment or through the lease assumption process.

Likewise, Defendant's argument that cure must be made before hearing any of Plaintiff's defenses is misplaced. Under Defendant's version of events, the Court would set a cure amount that Plaintiff would have to pay, Plaintiff would pay that amount, and only then would the Court look to Plaintiff's defenses – after the money has already changed hands – to determine if any or all of that money needs to go back to Plaintiff as a result of breaches of lease perpetrated by Defendant. Procedurally, this is nonsense. When the Court determines the cure amount owed to Defendant, it should hear Plaintiff's defenses to that cure amount. That may include breaches of lease on the part of Defendant. Defendant has acknowledged that Plaintiff's defenses must be heard at some point. It would seem there would be no better time than when the cure amount is being determined, such that any set off amount is built into the final cure amount. That would leave no remaining issues between the parties except the state court eviction action and would serve the purposes of judicial economy.

Therefore, Defendant's Motion to Dismiss Count II of Plaintiff's Complaint will be denied.

### III. Count III – Breach of Lease

Defendant also contends that Plaintiff's Count III alleging breach of lease on the part of Defendant should also be dismissed, largely on the same grounds argued for dismissal of Count I (seeking specific performance).

As earlier noted, the question of whether proper notice was given pursuant to requirements articulated in the Lease is one that can be determined at trial. *Rogers*, 608 N.E.2d at 1289; *compare Golbech v. Johnson Blumberg & Assocs., LLC*, No. 16-CV-6788, 2017 WL 207868, at *5-7 (N.D. Ill. July 19, 2017). The argument between the parties as to which standard of notice applies to the lease under Illinois law is one that can be resolved then. Likewise, any provision of the Lease outside of the notice requirement that Plaintiff has arguably not complied with (including failing to pay the proper amount of rent and replenishing the letter of credit) are also triable issues to which Plaintiff has sufficiently plead facts. And as discussed above, this Court can provide judicial oversight for remediation of lease violations and to determine a workable standard related to the "first class" provision of the Lease.

Finally, as earlier discussed in relation to Count I, it is judicially expedient to try the pending issues in this Court, rather than state court, given that the parties have implicated several bankruptcy-specific mechanisms, including the assumption of lease issues and the pending claim objection. Remand was appropriate when only the rescission action was before the Court, but as there is now a Complaint, claim objection, and lease assumption issue pending (and given that Plaintiff has repeatedly indicated that the rescission action will be dismissed in state court pending resolution of the lease assumption issue), dismissal is certainly not now appropriate.

Therefore, Defendant's Motion to Dismiss Count II of Plaintiff's Complaint will be denied.

### IV. Count IV – Objection to Defendant's Claim

Finally, Defendant argumes that Count IV of Plaintiff's Complaint (the objection to Defendant's Claim) must be dismissed because it is procedurally inappropriate and will be subsumed by any ruling as to the cure amount during the lease assumption process. Once again, Defendant argues that the cure amount must be determined and paid before hearing Plaintiff's allegations that Defendant breached the Lease.

Defendant is correct insofar as it argues that the objection to Claim is reliant upon a ruling as to the cure amount. However, as discussed above, that does not mean Plaintiff's

defenses to any cure amount should not be heard contemporaneously. It certainly does not mean that Plaintiff's objection is unripe as Defendant contends. Defendant has filed a Claim and pursuant to Fed. R. Bankr. P. 3007, Plaintiff has a right to object to said Claim. While it is true that the pending Claim objection is contingent upon determination of the cure amount, it does not follow that the contingent event will unfold in an unanticipated manner or that it will not occur at all. *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 580-81 (1985)).

The Complaint and lease assumption issues will be tried together. The cure amount will be determined, allowing for resolution of Plaintiff's objection to Defendant's Claim. There is no reason that Count IV should be dismissed at this time.

## CONCLUSION

For foregoing reasons, Defendant's Motion to Dismiss will be denied in its entirety by separate order to be entered concurrently herewith.

ENTER:

_____
Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 22nd day of July, 2019